United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Catalin Aionesei-Lupu, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 20-23141-Civ-Scola |
| | ) |
| U.S. Attorney General William Barr, and others, Respondents. | ) |

**Order**

This matter is before the Court upon Petitioner Catalin Aionesei-Lupu's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") and seeking release from custody. (ECF No. 1.) Although this matter was automatically referred to United States Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2, the Court *sua sponte* withdrew the referral on September 4, 2020. Having reviewed the record, the petition, the Respondents' motion to dismiss (ECF No. 9), the notice accompanying the motion to dismiss indicating that the Petitioner has been removed from the United States to Romania (ECF No. 9-1), and the relevant legal authorities, the Court **grants** the motion to dismiss (**ECF No. 9**) and dismisses the petition.

## I. Background

At the time the petition was filed, the Petitioner was in custody of ICE at the Krome Processing Center, in Miami, Florida. (ECF No. 1.) The Petitioner was ordered removed on March 27, 2014 and alleges that she has been in the custody of ICE since January 31, 2020. (*Id.* at 2.) She claims to have cooperated with ICE efforts to have her removed to her home country. (*Id.* at 3.)

## II. Discussion

Liberally construed, it appears that the Petitioner is arguing that she is entitled to relief based upon the United States Supreme Court's decision in *Zadvydas v. Davis,* 533 U.S. 678 (2001). In *Zadvydas,* the Supreme Court held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by 8 U.S.C. § 1231(a)(6), the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the

reasonably foreseeable future." *Zadvydas*, 533 U.S. at 698-701. She claims she is entitled to be released from custody because she has been held for longer than the presumptively reasonable six months recognized in *Zadvydas*.

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. *Carafas* at 234.

On July 30, 2020, after filing this petition, the Petitioner was removed from the United States. (ECF No. 9-1.) Although the Petitioner is no longer confined, she has satisfied the in-custody requirement based on her status at the time of filing. However, although the in-custody requirement has been met, this Court still lacks jurisdiction in this case. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank* Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (citation omitted). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242. Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional.

The Eleventh Circuit recognizes an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, but the exception is narrow and applies only in exceptional situations. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242-43 (11th

Cir. 2002). The Court finds that the exception is not applicable here. "In particular, the exception can be invoked only when (1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Id.* (internal citation omitted; emphasis in original). Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Id.* 296 F.3d at 1242-1243 (internal citation omitted).

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See generally Lane v. Williams*, 455 U.S. 624, 632 (1982). In the instant proceeding, the Petitioner challenged her prolonged detention in ICE custody. Because the Petitioner has now been released from custody and removed from the United States, her detention has terminated. The Petitioner did not allege that collateral consequences exist to satisfy the injury-in-fact requirement of Article III and there is nothing to suggest that the Petitioner will be returned to the custody of ICE. Accordingly, no exception to the mootness doctrine is applicable here.

Since this Court can no longer order the Respondent to release the Petitioner, there is "nothing for us to remedy, even if we were disposed to do so.'" *Soliman,* 296 F.3d at 1243 (citation omitted). This action no longer presents a justiciable case or controversy within the meaning of Article III. Accordingly, the petition must be dismissed as moot. *Id.*

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying her petition for writ of *habeas corpus* has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). Courts should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, the Court declines to issue a certificate of appealability.

### IV. Conclusion

Accordingly, the Court **grants** the motion to dismiss (**ECF No. 9**) for lack of jurisdiction and **dismisses** the petition (**ECF No. 1**) as moot. The Court further **declines** to issue a **certificate of appealability**.

**Done and ordered**, in chambers, in Miami, Florida, on September 22, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*:
Catalin Aionesei-Lupu
087-417-960
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194